22-6386
Liu v. Garland

BIA
Thompson, IJ
A205 042 780

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of August, two thousand twenty-four.

PRESENT:
   **DEBRA ANN LIVINGSTON,**
    *Chief Judge,*
   **DENNIS JACOBS,**
   **WILLIAM J. NARDINI,**
    *Circuit Judges.*
_____

**JINGDONG LIU,**
   *Petitioner,*

   **v.**         **22-6386**
                   **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
   *Respondent.*
_____

**FOR PETITIONER:** Aleksander Boleslaw Milch, Esq., The Kasen Law Firm, PLLC, Flushing, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Scott M. Marconda, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jingdong Liu, a native and citizen of the People's Republic of China, seeks review of a July 15, 2022, decision of the BIA affirming a May 28, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jingdong Liu*, No. A 205 042 780 (B.I.A. July 15, 2022), *aff'g* No. A 205 042 780 (Immig. Ct. N.Y. City May 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

(2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Liu alleged that he was detained and abused in China in 1995 and that he feared persecution because he joined the China Democracy Party ("CDP") in the

3

United States in 2011 and had attended protests in the United States against the Chinese government. Substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably concluded that Liu made a false statement at his hearing given an inconsistency between his testimony and his post-hearing declaration regarding whether he went into the Chinese consulate in 2017 to obtain his passport. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Liu testified he hired a service to renew his passport in 2017, and did not go into the Chinese consulate personally. He confirmed this multiple times, ultimately stating that after becoming involved with the CDP, he protested outside the Chinese consulate but never went inside. However, following his hearing, Liu submitted a sworn statement that he "did not fully understand the judge's question and made an inappropriate answer," explaining that he went to the consulate to be fingerprinted in 2017, but did not personally pick up his passport when it was ready. The IJ was not compelled to accept this explanation given Liu's contrary statements at the hearing. Further, Liu's declaration does not explain why he testified that the passport process no longer required going in person. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his

4

inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).  As the IJ noted, Liu may have denied going to the consulate because he believed an admission that he had would be viewed as undermining his fear of Chinese authorities.  Accordingly, the IJ did not err in concluding that the statement wholly undermined Liu's credibility.  *See Siewe v. Gonzales*, 480 F.3d 160, 170–71 (2d Cir. 2007) (explaining that even "[f]alse evidence that is wholly ancillary" may be sufficient under some circumstances to trigger the doctrine of "falsus in uno, falsus in omnibus" such that "a single false document or a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence").

Finally, Liu does not challenge the BIA's finding that he waived any challenge to the IJ's finding that he failed to corroborate his claim.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).  And the agency did not err in relying on a lack of corroboration where, as here, credibility was already in question.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273

5

(2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Contrary to Liu's argument, the adverse credibility determination was dispositive because his claims for asylum, withholding of removal, and CAT relief are all based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court